IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARIO THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 1:19-cv-48-TFM-M |
| | ) |
| ASHTON & COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now pending before this Court is a *Motion for Protective Order* (Doc. 52, filed 7/24/20) filed by the plaintiff, Mario Thomas ("Plaintiff") in which Plaintiff seeks to prevent the defendant, Ashton & Company, Inc. ("Defendant") from obtaining by means of subpoena the private phone records of a potential witness, Tavarezs Williams. Defendant timely responded (Doc. 57, filed 8/3/20). Thus the motion is ripe for review.

As background, Defendant filed a motion on July 3, 2020 seeking a two-week extension of the discovery deadline *for the express purpose* of deposing a witness who had only recently been located and had declined to cooperate with Defendant without a subpoena compelling him to do so. Doc. 44. Plaintiff opposed the motion. Doc. 45. The Court granted the motion on July 10, 2020, thereby extending the discovery deadline to July 24, 2020 and *sua sponte* extending the deadline for dispositive motions to July 31, 2020. Doc. 49.

Now, Plaintiff has filed the instant motion, which states that Defendant conducted additional discovery after the deposition, issuing a subpoena to Verizon Wireless on July 23, 2020, seeking phone records for the deposed witness, Tavarezs Williams. Plaintiff objects to Defendant's additional discovery and essentially asks the Court to quash a subpoena. In support

of its request, Plaintiff argues that the subpoena is improper for the following reasons: (1) it is untimely, noting that the response date for the records is August 10, 2020, after the extended discovery deadline; (2) it is an overly broad fishing expedition that serves no legitimate purpose other than to harass, annoy, or alarm the witness; and (3) it was issued without Williams' consent and does not qualify as an exception under the Stored Communications Act.

Defendant responds that the subpoena is timely because it was issued prior to the Court's extended discovery deadline.  Defendant also avers that the subpoena seeks targeted, relevant information needed to determine Williams' credibility as a witness; it imposes no burden on Williams because Verizon Wireless holds the phone records; and the phone records may be safeguarded as confidential under the agreed protective order in this case.  Finally, Defendant argues that the Stored Communications Act is inapplicable to this case.

The Court finds that Defendant's subpoena was issued outside the time for discovery.  First, the extension of the discovery deadline was requested—and granted—for the express purpose of deposing the witness and for no other purpose.  No party has requested leave for additional discovery beyond the Williams deposition, and none has been granted.

Moreover, even assuming additional discovery were contemplated by the extension, the Court still finds Defendant's subpoena to collect Williams' phone records out of time.  Defendant is correct that the Scheduling Order states that non-party subpoena's must be issued prior to the discovery deadline.  However, the Scheduling Order also cites to the relevant local rule, which further states that "[a]ll discovery … must be completed before the date established in the Rule 16 Scheduling Order" and, more specifically, that "[c]ompletion of discovery means that discovery … must be scheduled to allow … documents to be produced before the deadline." S.D. Ala. CivLR 26(c); *see also* Doc. 15.  Defendant notes that the subpoena was issued July 23, 2020, the day

before the July 24, 2020 extended deadline. The production deadline stated on the subpoena, a copy of which Defendant filed with its response, is August 10, 2020, well after the extended deadline. Thus, Defendant's subpoena was not scheduled to allow the Verizon Wireless documents to be produced before the deadline.

The Court notes that Defendant makes an additional argument in a footnote that Plaintiff's motion is procedurally improper because a party lacks standing to quash a subpoena issued to a non-party. However, the Court finds the subpoena was issued outside discovery, and thus, it is improper on these procedural grounds. Fed. R. Civ. P. 45(c)(2) provides that a subpoena may command production of documents for discovery purposes. FED. R. CIV. P. 45(c)(2). Various courts have determined that a Rule 45(c)(2) subpoena constitutes discovery. *See Bender v. Tropic Star Seafood, Inc.*, Civ. Act. No. 4:07-cv-438-SPM/WCS, 2008 WL 11344667 at *4 (N.D. Fla., Nov. 10, 2008) ("[T]he Court adopts the rule followed by the majority of jurisdictions and holds that a Rule 45 subpoena does in fact constitute discovery"). Moreover, "[r]ule 25 trial subpoenas may not be used to obtain discovery after the discovery period has closed." *Id*. (citing *McKay v. Triborough Bridge and Tunnel Authority*, Civ. Act. No. 05-cv-8935(RJS), 2007 WL 3275918, at 2007 U.S. Dist. LEXIS 81722 at *3-4 (S.D.N.Y. Nov. 5, 2007). "Several courts have concluded that after the discovery deadline a party may not use a subpoena to obtain materials from third parties that could have been produced during discovery." *Id*. (quoting 9 MOORE'S FEDERAL PRACTICE, § 45.02 (Matthew Bender 3d ed. 2005)).

Accordingly, Plaintiff's motion is **GRANTED**. The subpoena is hereby **QUASHED** and a protective order issued.

**DONE and ORDERED** this 7th day of August 2020.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE